Assumpsit, by an indorsee against a remote indorser of a promissory note, made by Reddick McKee, agent of The Wheeling Cotton Manufacturing Company, dated at Wheeling, March 22, 1834, at 60 days, for $4,000, payable to the order of Richard Simmes at the North-West Bank of Virginia, without defalcation, for value received, and signed “ R. McKee, agent Wheeling Cotton Manufacturing Company.” Indorsed by Richard Simmes, Knox & McKee, M. Nelson, and W. B. Atterbury. The note was regularly demanded, and protested, and due notice given to the defendants.
The defendant, McKee, was taken; but the other defendant, Knox, was not.
Upon the trial of the issue against McKee, Messrs. Brent 8f Brent, counsel for the defendant, moved the Court to instruct the jury, “that if they shall believe, from the evidence, that the note was made and indorsed by the defendant, in the State of Virginia, and was made payable at the North-Western Bank of Virginia, in the said State, then the plaintiff is not entitled to recover in this action against the defendant as indorser of the said note.”
*298 Which instruction the Coukt (ThrustoN, J., not sitting in the cause,) gave; it appearing that there were several intermediate indorsers between the plaintiff and the defendant. (See 5 Rand. 40, 45; Id. 335, and 4 Leigh, 116; and see also the charter of that bank in 1817, by which, notes, “made negotiable” at that bank, are put upon the footing of bills of exchange.)
Mr. Bradley, for the plaintiff, then moved the Court to instruct the jury, that if, from the evidence, they should be of opinion, that the said note was made payable at the North-Western Bank of Virginia, and put into circulation as a negotiable instrument; and that it was deposited in the said bank before it became due, and was given to take up and renew, and used to take up and renew a note for a similar amount drawn and indorsed by the same parties, and that when it became due, demand of payment was regularly made at the said bank and refused, and that the said note was regularly protested, and notice thereof given to the indorser, then the plaintiff is entitled to recover.
Verdict for the defendant.
The plaintiff took a bill of exceptions, but has not prosecuted a writ of error.